IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KOKILABEN M. PATEL, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:21-cv-1260-L-BN |
| § | |
| BRIGHTHOUSE LIFE INSURANCE § | |
| COMPANY and MAGAN BHIKA, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Judge Sam A. Lindsay. *See* Dkt. No. 20.

Plaintiff Kokilaben Patel ("Patel") has filed a Motion for Leave to File Amended Complaint [Dkt. No. 35] to which Defendants Magan Bhika ("Bhika") and Brighthouse Life Insurance Company ("Brighthouse") object. *See* Dkts. 39 & 41.

Separately, Defendant Bhika has filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. No. 28] which Brighthouse has filed a motion to join [Dkt. No. 32] asking the Court to "enter an order dismissing Plaintiff's causes of action for violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, negligence, and equitable estoppel." *See* Dkt. No. 32 at 1.

For the reasons and to the extent explained below, the undersigned recommends that the Court grant Bhika's Rule 12(b)(6) Motion to Dismiss Plaintiff's

Second Amended Complaint [Dkt. No. 28], grant Brighthouse's joinder in that motion to dismiss [Dkt. No. 32], deny Patel's Motion for Leave to File Second Amended Complaint [Dkt. No. 35], and grant Brighthouse's joinder in Bhika's opposition to the motion to amend [Dkt. No. 41].

## Background

This case arises from alleged violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act related to Brighthouse's refusal to pay out benefits that Patel asserts that she is owed as the beneficiary of her recently-deceased husband's life insurance policy.

According to the allegations in the Second Amended Complaint, in 2005, Kokilaben Patel and her husband Mahendra Patel ("the Insured") obtained a life insurance policy ("the Policy") from Brighthouse in the event of the Insured's death. *See* Dkt. No. 24 at 2. Patel asserts that, in June 2019, she called and emailed Magan Bhika, the Brighthouse agent who sold her the life insurance policy, to determine if all premium payments were up to date. *See id.* According to Patel, Bhika assured her that no payments were due on any of her policies. *See id.*

After the Insured died on July 31, 2019, Patel asserts that she timely filed a claim and cooperated with Brighthouse's investigation but that, on September 18, 2019, Brighthouse denied Patel's claim on the basis that the Policy had lapsed due to unpaid premiums. *See id.* Brighthouse has continued to deny Patel benefits under the Policy. *See id.*

Patel filed suit in Texas state court. *See* Dkt. No. 1-1. Brighthouse removed the

case to this Court after service of the petition. *See* Dkt. No. 1.

Bhika filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint and Verified Motion to Abate. *See* Dkt. No. 6.

That same day, Patel filed her First Amended Complaint reasserting identical causes of action for (1) violations of the Texas Insurance Code; (2) violations of the Texas Deceptive Trade Practices; (3) breach of contract; and (4) equitable estoppel. *See* Dkt. No. 4.

Bhika then filed his First Amended Rule 12(b)(6) Motion to Dismiss and Verified Motion to Abate to address Patel's amended complaint. *See* Dkt. No. 11.

Shortly thereafter, Patel filed a Motion for Leave to File Amended Complaint. *See* Dkt. No. 14.

On February 9, 2022, the district court accepted the findings, conclusions, and recommendation of the undersigned and dismissed Patel's claims for equitable estoppel and violations of Texas Insurance Code § 541.062 and Texas Business and Commerce Code § 17.46(b)(5) without prejudice. *See* Dkt. No. 22

Patel filed her Second Amended Complaint on May 4, 2022, asserting identical causes of action for violations of the Texas Insurance Code ("TIC") and Texas Deceptive Trade Practices Act ("DPTA") and for equitable estoppel, and adding a claim against Defendants for negligence. *See* Dkt. No. 24.

Defendants now move to dismiss Patel's claims with prejudice [Dkt. No. 28] while Patel requests leave to amend her pleadings once again and file a Third Amended Complaint [Dkt. No. 35].

**Legal Standards and Analysis**

Bhika moves to dismiss Patel's claims against him under Texas Insurance Code § 541.060 and § 541.061, the Texas Deceptive Trade Practices Act, and for equitable estoppel and negligence. Brighthouse joins that motion.

## I. Motion to Dismiss

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and

conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

1. Texas Insurance Code

   i.  Patel fails to state a claim for violation of Section 541.061.

Patel argues that Bhika violated two provisions of Section 541.061 by allegedly telling Patel that she was up to date on her policy premium payments when in fact they had lapsed. Section 541.061 provides that "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by: … (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; [and] (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact." TEX. INS. CODE § 541.061(2)-(3).

But Patel does not allege that Bhika made any misrepresentation about the terms or benefits promised by the policy; she alleges only that Bhika told her she was up to date on her premium payments. These statements, regardless of their truth or falsity, do not entitle Patel to relief under Section 541.061. *See Aguilar v. State Farm Lloyds*, No. 4:15-cv-565-A, 2015 WL 5714654 at *3 (N.D. Tex. Sept. 28, 2015*)* ("[P]ost loss statements regarding coverage are not misrepresentations under the Insurance Code.") (citing *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-56 (Tex. 2012); *One Way Invs., Inc. v. Century Sur. Co.*, No. 3:14-cv-2839-D, 2014 WL 6991277, at *4-5 (N.D. Tex. Dec. 11, 2014). Accordingly, the Court should dismiss Patel's Section 541.061 claims against Bhika.

ii. Patel fails to state a claim for violations of Section 541.060.

Patel additionally asserts that Defendants Bhika and Brighthouse violated Sections 541.060(a)(1) and 541.060(a)(7) by misrepresenting a material fact in "telling [Patel] there is no coverage because the policy had lapsed when in fact, [Patel] had been assured that payments had been made and applied and [that] the policy was still active" and by "refusing to pay [the] claim without conducting a reasonable investigation with respect to the claim." Dkt. No. 24 at 3; TEX. INS. CODE § 541.060(a)(1), (7).

Just as Section 541.061 claims require misrepresentation to be about the details of the policy, not the facts giving rise to a claim for coverage; Section 541.060(a)(1) has the same requirement. *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). For the same reasons described above, Patel fails to state a claim under Section 541.060(a)(1) and that claim should be dismissed against both Defendants.

Likewise, Patel fails to state a claim under Section 541.060(a)(7). A party violates Section 541.060(a)(7) when it refuses "to pay a claim without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE § 541.060(a)(7). Patel has not alleged that Bhika refused to pay her claim; instead, Patel has alleged only that Bhika "assured [Patel] the policy was still in force." Dkt. No. 24. Accordingly, Patel's Section 541.060(a)(7) claim against Bhika should be dismissed.

Nor does Patel have a valid Section 541.060(a)(7) claim against

Brighthouse. In her Second Amended Complaint [Dkt. No. 24], Patel fails to plead any facts to support the conclusion that Brighthouse did not conduct a reasonable investigation. Instead, Patel merely uses legal conclusions to recite the elements of a Section 541.060(a)(7) violation, which is not enough to survive a motion to dismiss. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (alteration in original). Patel has failed to plead sufficient factual allegations giving rise to more than the mere possibility that Bhika or Brighthouse violated the TIC, and as such the Court should dismiss these claims.

2. <u>Texas Deceptive Trade Practices Act</u>

Patel realleges verbatim her previously dismissed claim under the Texas Deceptive Trade Practices Act ("DTPA") and fails to allege any additional facts that establish her claim.

As the Court has explained in previous orders considering this claim, *see* Dkt. No. 21 at 11-12, Bhika's alleged statement that he "knew how to handle" Patel's insurance premium inquiries does not constitute an actionable misrepresentation of material facts required to establish an DTPA claim. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) (holding that liability is only imposed under the DPTA "when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages.")

Bhika's statement that he could handle Patel's inquiries is not a representation about the policy's terms. It is, at most, "non-actionable puffery." *Id.* (concluding that an agent's statements that plaintiff's claims would be handled professionally were "more in the nature of non-actionable puffery than actionable representations of specific material fact").

Patel has failed to state a DPTA claim against Bhika.

3. <u>Equitable Estoppel</u>

Patel's amended pleadings also fail to establish Defendants' liability under a theory of equitable estoppel. A previously explained, a plaintiff arguing equitable estoppel must show (1) a material misrepresentation or concealment (2) made with actual or constructive knowledge of the true facts (3) with the intent that the misrepresentation or concealment be acted upon (4) by a third party without knowledge or means of knowledge of the true facts (5) who detrimentally relies or acts on the misrepresentation or concealment. *See In re Christopher*, 28 F.3d 512, 520 (5th Cir. 1994).

Patel argues that she foreseeably and "reasonably relied on Bhika's explicit and/or implied representations that the policy at issue was in full force and effect" and that, as a result, she was unable to rectify the issue or seek alternative coverage, leaving her without the policy benefits intended to support her in the absence of the Insured's income. Dkt. No. 24 at 4.

But, again, Patel fails to allege any facts showing that Bhika had actual or constructive knowledge that the Patels' policy had lapsed, or that Bhika had any

intent the Patels would rely on his alleged statement to their detriment.

And, although in her Second Amended Complaint Patel separately alleges that Brighthouse is liable under the same theory, Patel does not allege that Brighthouse made any explicit or implied representations regarding her policy other than those purportedly made by Bhika.

Patel fails to sufficiently plead that equitable estoppel applies to either defendant and the Court should dismiss this claim.

4. Negligence

In her Second Amended Complaint, Patel alleges that "Brighthouse, through its agent, Bhika, specifically, owed a duty to Plaintiff to correctly answer her questions regarding the life insurance policy." Dkt. No. 24 at 4.

The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach. *See Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540-41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).

Bhika moves to dismiss this claim arguing that (1) Patel has not pleaded how Bhika owed Patel a duty and (2) Patel's negligence claim is otherwise barred by the economic loss rule.

Specifically, Bhika asserts that he was retired from Brighthouse at the time that he allegedly assured Patel her policy premiums were current. Patel does not dispute this, nor does she allege or plead facts establishing that Bhika was employed

by Brighthouse at the time of the statements at issue. And so Patel has not alleged sufficient facts showing that Bhika was Brighthouse's agent or that he individually owed Patel any duty relating to the insurance policy. And, because Patel's negligence claim against Brighthouse is based solely on Bhika's alleged statements, Patel has likewise failed to state a claim against Brighthouse.

Because Patel has failed to state a claim for negligence, the Court need not consider whether Patel's negligence claim is barred by the economic loss rule.

5. <u>Breach of Contract and Prompt Payment of Claims Act</u>

As neither Bhika nor Brighthouse has, in moving to dismiss under Rule 12(b)(6), addressed Patel's claims against Brighthouse for breach of contract and under the Prompt Payment of Claims Act, Defendants have given the Court no basis to dismiss those claims as alleged against Brighthouse.

Having concluded that Patel failed to sufficiently plead the challenged claims in her Second Amended Complaint, the undersigned turns to consideration of Patel's Motion for Leave to File Third Amended Complaint [Dkt. No. 35].

## II.  Motion for Leave to Amend

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within: (1) 21 days of serving it; or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading is required, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earliest. FED. R. CIV. P. 15(a)(1). As Patel has already twice amended her complaint, and more than 21 days

has expired from the date Bhika filed his Rule 12(b)(6) Motion to Dismiss, Patel may only amend her pleading with the opposing party's written consent or with the Court's leave. *See* FED. R. CIV. P. 15(a)(2).

When, as here, the party is not subject to an expired deadline for seeking leave to amend, Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend." *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

Defendants oppose Patel's motion on the grounds that amendment of Patel's First Amended Complaint would unduly prejudice Defendants and, regardless, would be futile because the amended complaint fails to state a claim upon which relief could be granted. The undersigned agrees and recommends that the Court deny Patel's motion to amend as filed.

Patel has already filed three complaints stating nearly identical claims against Defendants. *Compare* Dkt. No. 1 *with* Dkt. No 4 *and* Dkt. No. 24. Her proposed Third Amended Complaint alleges identical causes of action for violations of the TIC and DPTA, negligence, and equitable estoppel but fails to allege any additional facts that change the substance of her claims or cure the deficiencies discussed above. Combined with Patel's repeated failure to plead her claims with particularity despite multiple opportunities to do so, any amendment would be futile, and allowing Patel to continue amending insufficiently pleaded claims will unduly burden Bhika, who has already filed three motions to dismiss.

The Court should deny with prejudice Patel's Motion for Leave to File Third Amended Complaint [Dkt. No. 35] and dismiss with prejudice Patel's claims against Bhika for violations of the DPTA, and against Bhika and Brighthouse for violations of the TIC, and for negligence and equitable estoppel.

**Recommendation**

For the reasons and to the extent explained above, the Court should

- GRANT Defendant Magan Bhika's Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. No. 28] and Defendant Brighthouse Life

> Insurance Company's Joinder in Bhika's Motion to Dismiss [Dkt. No. 32] and dismiss with prejudice Plaintiff's claims under Texas Insurance Code §§ 541.060 and 541.061 and Texas Business and Commerce Code § 17.46(b)(5) and for equitable estoppel and negligence (but not her claims for breach of contract and under the Prompt Payment of Claims Act); and

- DENY with prejudice Plaintiff Kokilaben Patel's Motion to for Leave to File Third Amended Complaint [Dkt. No. 35] as filed and GRANT Defendant Brighthouse Life Insurance Company's Joinder in Bhika's Response to Plaintiff's Motion for Leave to File Amended Pleading [Dkt. No. 41].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 1417 (5th Cir. 1996).

DATED: November 10, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE