IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KOKILABEN M. PATEL,** | § § § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. **3:21-CV-1260-L-BN** |
| **BRIGHTHOUSE LIFE INSURANCE COMPANY and MAGAN BHIKA**, | § § § § | |
| Defendants. | § § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 45) was entered on November 10, 2022, recommending that the court grant Defendant Magan Bhika's ("Bhika") Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss") (Doc. 28), grant Brighthouse's joinder in the Motion (Doc. 32), deny Plaintiff's Motion for Leave to File Amended Pleading ("Motion to Amend") (Doc. 35), and grant Brighthouse's joinder in Bhika's opposition to the Motion to Amend (Doc. 41). In her Second Amended Complaint ("SAC"), Plaintiff Kokilaben M. Patel ("Plaintiff") alleges that she and her late husband, Mahendra M. Patel, purchased life insurance policies from Brighhouse Life Insurance Company ("Brighthouse") through its agent, Bhika. Doc. 24 at 2. In 2019, when Mr. Patel became ill, Plaintiff contacted Bhika to confirm Mr. Patel's life insurance policy was active. *Id*. Plaintiff alleges that Bhika confirmed the active policy, but a few months later, after Mr. Patel died, Brighthouse rejected her claim for benefits based on its claim that the insurance policy lapsed for non-payment. *Id*.

**Order – Page 1**

On June 1, 2021, Brighthouse removed the case to federal court, and Plaintiff has since amended her complaint twice. She filed her First Amended Complaint (Doc. 4) on June 9, 2021, and then the SAC, which is the live pleading, on May 4, 2022, following the court granting Defendants' Motion to Dismiss (Doc. 11) and dismissing Plaintiff's claims under the Texas Insurance Code Section 541.061, Texas Business and Commerce Code Section 17.46(b)(5), and equitable estoppel. Docs. 21, 22.

After Plaintiff repleaded her claims in the SAC, Bhika filed the instant Motion to Dismiss, which Brighthouse joined. Docs. 28, 32. The Motion to Dismiss seeks dismissal of Plaintiff's claims against him under Texas Insurance Code § 541.060 and § 541.061, the Texas Deceptive Trade Practices Act, and for equitable estoppel and negligence. Doc. 45 at 4. As a preliminary matter, the Report recommends the court grant Brighthouse's Joinder in Bhika's Response to Plaintiff's Motion for Leave to File Amended Pleading (Doc. 41). The court agrees and **grants** the joinder. The court now considers the Motion as one brought by both Defendants, Bhika and Brighthouse.

On November 21, 2022, Plaintiff timely objected to the Report, arguing that:

1. The recommendation to dismiss her claim for negligence with prejudice is incorrect because her Complaint "states a cause of action for a voluntarily assumed duty of case in advising Plaintiff of the status of her late husband's life insurance policy;"

2. The finding that Plaintiff failed to allege sufficient facts showing that Defendant Bhika was an agent of Brighthouse or individually owed Plaintiff a duty of care is wrong because Plaintiff's allegations create a fact issue as to "whether Bhika was Brighthouse's agent and because the facts alleged are sufficient to show that Bhika voluntarily assumed a duty" to report the life insurance status;

**Order – Page 2**

3. The recommendation to deny with prejudice the pending motion for leave to file a third amended complaint improperly "deletes an ambiguous statement the court had previously relied on to conclude that the Defendants owed no duty to Plaintiff, and because it is sufficient to create a cause of action for negligence;" and

4. Similarly, the finding that the proposed third amended complaint alleges an identical cause of action for violations of the TIC and DPTA, negligence, and equitable estoppel without alleging any specific facts that alter her claims or cure deficiencies also deletes the previous ambiguous statement that the court relied upon to find Defendants owed no duty to Plaintiff.

Doc. 46 at 1-2.

Plaintiff does not object to the Report's recommendation to grant the Motion and dismiss with prejudice her claims against Brighthouse and Bhika under: (1) Sections 541.061, 541.060(a)(1), and 541.060(a)(7) of the Texas Insurance Code; (2) the Texas Deceptive Trade Practices Act; (3) the theory of equitable estoppel. Doc. 45 at 6-9. The Report recommends dismissing those claims against Bhika and Brighthouse with prejudice for failure to state a claim upon which relief can be granted. *Id*. Plaintiff did not include any objections to those findings and recommendation of the Report, and the time to do so has passed. *See* Fed. R. Civ. P. 72(b)(1) (which provides that a party has 14 days from the date of service to file objections to the findings and conclusions of the magistrate judge). For this reason, having considered the Motion to Dismiss, Report, file, and record in this case, the court determines that the magistrate judge's finding and conclusions in the Report with respect to Plaintiffs claims under the Texas Insurance Code, Texas Deceptive Trade Practice Act, and theory of equitable estoppel are correct, and **accepts** them as those of the court.

**Order – Page 3**

Turning now to Plaintiff's objections, she objects to the Report's substantive findings related to her negligence claim and motion for leave to file a third amended complaint. As to her negligence claim, she objects to the Report's finding that Plaintiff failed to state a negligence claim against Bhika or Brighthouse because the SAC does not allege "sufficient facts that Bhika was Brighthouse's agent or that he individually owed Patel any duty relating to the insurance policy." Doc. 45 at 10-11. Because the magistrate judge found that Plaintiff failed to set forth sufficient factual allegations for a negligence claim, the Report does not address the Motion's economic loss rule argument. *Id*.

Plaintiff argues that Bhika assumed a duty when he elected to respond to her e-mail. Doc. 46 at 3. Plaintiff asks the court to find Bhika assumed a duty under the negligent undertaking theory. *Id.* Under that theory, the court must decide "whether a defendant acted in a way that requires the imposition of a duty where one otherwise would not exist," considering several factors, including "the risk, foreseeability, and likelihood of injury weighed against the social utility of the defendant's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant." *Holcombe v. United States*, 388 F. Supp. 3d 777, 804 (W.D. Tex. 2019) (internal citations omitted).

First, this argument presents Plaintiff's claim that Bhika had a duty of care as though he assumed that duty through the standard for negligent undertaking, a new and distinct claim from negligence.* Plaintiff objects to the Report's findings by attempting to assert a new way to create a legal duty through negligent undertaking. Her SAC pleads no factual allegations that meet those

---

* Negligent undertaking has three distinct elements: (1) defendant undertook to perform services that it knew or should have known were necessary for plaintiff's protection; (2) defendant failed to exercise reasonable care in performing those services; and (3) either plaintiff relied on defendant's performance, or defendant's performance increased plaintiff's risk of harm. *Mauer v. Wal-Mart Stores, Inc.*, No. 3:16-CV-2085-BN, 2017 WL 6406619, at *5 (N.D. Tex. Dec. 15, 2017) (citing *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838-39 (Tex. 2000)).

**Order – Page 4**

distinct elements, and she cannot now object to the Report with arguments based on an unpleaded legal theory. The court agrees with the Report's finding that Plaintiff does not show or present sufficient factual allegations from which the court can reasonably infer that Bhika was an agent of Brighthouse or that he owed her a duty individually.

Next, Plaintiff objects to the Report's finding that her proposed third amended complaint does not "allege any additional facts that change the substance of her claims or cure the deficiencies" identified in the Report. Doc. 45 at 13. She likewise objects to the Report's recommendation to deny her Motion for Leave to Amend. *Id*. at 3-4. She argues that given her new negligent undertaking theory, her proposed third amended complaint sufficiently alleges facts showing that Bhika was negligent. The court disagrees.

After review of the proposed third amended complaint, the court determines that the new factual allegations again fail to show that Bhika assumed a duty or otherwise acted negligently in regards to Plaintiff's claim. Further, the provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Plaintiff has had ample opportunity to present her factual allegations to the court in her three complaints which contain nearly identical claims against Defendants. Plaintiff has also had opportunity to object to the Report and provide the court with additional factual basis for her allegations; she failed to present new facts or controlling law to show that the Report's findings, conclusions, and recommendations are in error. She has failed to present a sufficient factual bases for her claims so despite these opportunities, and the court concludes that Plaintiff has stated her "best case." *See Schiller* 342 F.3d at 566. The court therefore determines that permitting further pleading attempts would be an inefficient use of the parties' and the court's resources, cause unnecessary and undue delay, and also be futile. For this reason, the court agrees with the Report's finding and recommendation to deny Plaintiff's Motion to Amend.

Finally, the Report notes that because neither Defendant moved the court to dismiss Plaintiff's claims against Brighthouse for breach of contract and under the Prompt Payment of Claims Act ("PPCA"), those claims remain undisturbed. Doc. 45 at 11.

Having considered the Motions, Second Amended Complaint, Plaintiff's objections, Report, file, and record, and having conducted a *de novo* review of the portions of the Report to which objections were made, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Plaintiff does not present any new facts or controlling law that shows the findings and conclusions in the Report are in error. For these reasons, the court **overrules** Plaintiff's objections. Accordingly, the court **grants** Defendant Magan Bhika's Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 28); **grants** Brighthouse's joinder in the Motion to Dismiss (Doc. 32); **denies** Plaintiff's Motion for Leave to File Amended Pleading (Doc. 35); and **grants** Brighthouse's joinder in Bhika's opposition to the Motion to Amend (Doc. 41). The court **dismisses with**

**prejudice** all of Plaintiffs' claims under the Texas Insurance Code and the Texas Deceptive Trade Practice Act, negligence, and equitable estoppel against Defendants Bhika and Brighthouse. Plaintiff's claims for breach of contract and those under the PPCA remain in this action.

    **It is so ordered** this 20th day of January, 2023.

Sam A. Lindsay
United States District Judge

Order – Page 7